99

G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiff,
RAGEN JACOBS

**FILED**

JUN 21 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

RAGEN JACOBS,

          Plaintiff,

     vs.

DIVERSIFIED COLLECTION
SERVICES, INC.; and DOES 1 to 10,
inclusive,

          Defendants.

Case No.: **C12-03217  EDL**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

**Demand Does Not Exceed $10,000**

ADR

## COMPLAINT

## INTRODUCTION

1.     This is an action for actual and statutory damages brought by plaintiff

Ragen Jacobs an individual consumer, against defendant Diversified Collection

Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq*. (hereinafter ''FDCPA'') and the Rosenthal Fair Debt Collection

Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (hereinafter "RFDCPA"), which

prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), Cal. Civ.

Code §§ 1788.30, and 28 U.S.C. § 1331 and § 1337.  Venue in this District is

proper in that the Defendant transacts business here and the conduct complained of

occurred here.

## PARTIES

5.    Plaintiff, Ragen Jacobs is a consumer, a natural person allegedly

obligated to pay any debt, residing in Linn County in the state of Iowa.

6.    Defendant, Diversified Collection Services, Inc. is a corporation

engaged in the business of collecting debt in this state with its principal place of

business located in Alameda County at 333 North Canyons Parkway, Suite 100,

Livermore, CA 94551.  The principal purpose of Defendant is the collection of

debts in this state and Defendant regularly attempts to collect debts alleged to be

due another.

7.    Defendant is engaged in the collection of debts from consumers using

the mail and telephone.  Defendant regularly attempts to collect consumer debts

alleged to be due to another.  Defendant is a ''debt collector'' as defined by the

FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

## FACTS

8.      Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

9.      The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10.     Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff prior to March 28th of 2012.

11.     Upon information and belief, within one year of the filing of this complaint, Defendant lied to and made a misleading representation in connection with an attempt to collect on Plaintiff's alleged debt by threatening Plaintiff; telling Plaintiff that Defendant itself would garnish Plaintiff's wages, when only the current creditor could seek to possibly attain such an outcome.

12.     Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying and making misleading representations in attempt(s) to collect on Plaintiff's alleged debt.

1   13.   As a result of the acts alleged above, Plaintiff suffered emotional

2   distress resulting in Plaintiff feeling stressed, and embarrassed, amongst other

3   negative emotions.

4

5   **COUNT I – FDCPA**

6   12.   Plaintiff repeats and realleges and incorporates by reference to the

7
8   foregoing paragraphs.

9   13.   Defendant violated the FDCPA.  Defendant's violations include, but

10  are not limited to, the following:

11
12        (a)  Defendant violated *§1692f* of the FDCPA by using unfair or

13             unconscionable means in connection with the collection of   an

14             alleged debt; and

15
16        (b) Defendant violated *§1692e(10)* of the FDCPA by using false,

17             deceptive, or misleading representation or means in connection

18
19             with the collection of Plaintiff's alleged debt; and

20        (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely

21             representing the services rendered or compensation which may be

22
23             lawfully received by the Defendant for the collection of the alleged

24             debt.

25

26

27

28

14.   As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Ragen Jacobs for actual damages, statutory damages, and costs and attorney fees.

## COUNT II – RFDCPA

15.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

16.   Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to the following:

(a)    Defendant violated *§1788.12(a)* of the RFDCPA by communicating to Plaintiff's employer regarding Plaintiff's alleged debt for purposes not concerning verifying debtor's employment, locating the debtor, or attempting to affect post-judgment garnishment of Plaintiff's wages; and

(b) Defendant violated *§1788.17* of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

17.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18.   As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff Ragen Jacobs for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Ragen Jacobs respectfully requests that judgment be entered against defendant Diversified Collection Services, Inc. for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Cal. Civ. Code § 1788.30.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

E. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED:  June 13, 2012

**PRICE LAW GROUP APC**

By: _____

G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RAGEN JACOBS demands trial by jury in this action.